## COMMONWEALTH *vs.* CHARLES F. NORTON.

If bounty money received by a minor upon his enlistment as a soldier is delivered by him to another to be carried to his father, and is embezzled, an indictment for the embezzlement may, under Gen. Sts. c. 172, § 12, allege the ownership of the money to be in the father.

INDICTMENT for embezzlement of four hundred and seventy-five dollars, in bank bills and United States treasury notes, the property of Clement Randall, and delivered by Charles H. Randall to the defendant to be carried to Clement Randall.

At the trial in the superior court, before *Rockwell*, J., evidence was introduced tending to show that Charles H. Randall, who was a minor son of Clement Randall, enlisted as a soldier in the army of the United States at Portsmouth, New Hampshire, and received as part of his bounty money the bills and notes mentioned in the indictment, and delivered the same to the defendant to be carried to his father in Mattapoisett in this common wealth; and that the defendant did not so deliver the same. The defendant objected that the ownership was not properly

alleged; but the judge ruled otherwise, and the defendant was found guilty and alleged exceptions.

*P. Simmons,* for the defendant.

*Reed,* A. G., for the Commonwealth.

DEWEY, J.   It is not necessary to decide the question of the strict legal rights between the father and his minor son as to money received by the son as bounty money for enlisting in the military service of the United States, and whether the father under his general right to the earnings of his son while a minor might hold the same against the will of the son, because the son voluntarily conceded such right, and sought to carry into effect the purpose to pass the money into the hands of his father.   He placed these bank bills and United States treasury notes in the hands of the defendant to be delivered by him to the father. The defendant received them for that sole purpose, and thus holding them he unlawfully appropriated them to his own use. An action at law would, upon these facts, lie in the name of the father against the defendant for money received to his use.   If A. delivers money to B. to be paid to C., and it is not paid, an action for money had and received lies by C. against B.   This is upon the ground that the money thus received by B. belongs to the party to whom it was to be paid.   The son might, in a case like the present, be considered the agent of the father, if that was necessary to authorize the allegation of property in these bills in the father.   To avoid the effect of objections as to the allegation of ownership, the Gen. Sts. *c.* 172, § 12, declare that it shall be sufficient if it is proved on the trial that either the actual or constructive possession, or the general or special property, was in the person alleged to be the owner.

*Exceptions overruled.*